IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TORRIANO WALPOOL, ID # 02075250, ) | |
|        Petitioner, ) | |
| vs. ) | No. 3:18-CV-2886-M (BH) |
| ) | |
| LORIE DAVIS, Director, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|        Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion for Time Extension to File 2254 Federal Writ of Habeas Corpus*, received on October 30, 2018 (doc. 3). Based on the relevant findings and applicable law, this action should be **DISMISSED** for lack of subject matter jurisdiction.

**I. BACKGROUND**

The petitioner was convicted of sexual assault of a child in Cause No. F14-76467 in Criminal District Count No. 3 of Dallas County, Texas, on January 27, 2016, and he was sentenced to 30 years' confinement. *See Walpool v. State*, No. 05-16-105-CR. 2017 WL 745784 (Tex. App.–Dallas Feb. 27, 2017, no pet.); *see also* https://offender.tdcj.texas.gov/offendersearch (search for petitioner). The petitioner filed a state habeas application that was signed on August 4, 2017, and received by the state court on August 22, 2017. *See* www.dallascounty.org (search for petitioner). It was denied by the Court of Criminal Appeals on March 28, 2018. *See Ex parte Walpool*, No. 87-520-01 (Tex. Crim. App. Mar. 28, 2018).

The petitioner contends that the statute of limitations for filing a federal habeas petition

under 28 U.S.C. § 2254 to challenge his conviction will expire on November 2, 2018, and he seeks a thirty or ninety-day extension of time to file his § 2254 motion. His motion does not present any grounds for relief.

## II. JURISDICTION

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). One of the ways that Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions was by imposing of a one-year statute of limitations for filing a federal petition. *See* 28 U.S.C. § 2244(d)(1). AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, slip op. at 12, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Section 2254 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations. *See* § 2244(d)(1). Federal courts lack jurisdiction to consider the timeliness of a habeas petition until it is actually filed. *See United States v. McFarland,* 125 Fed. App'x 573, *1 (5th Cir. Apr. 6, 2005) ("Before the [§ 2255] petition itself is actually filed, 'there

is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'"); *see also Gray v. Quarterman*, No. 3:08-CV-2068-D, 2008 WL 5385010 (N.D. Tex. Dec. 23, 2008) (federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]"), *quoting Princeton University v. Schmid*, 455 U.S. 100, 102 (1982) (other citations omitted). A party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Gray*, 2008 WL 5385010 at *1, *citing Juidice v. Vail*, 430 U.S. 327, 331 (1977) (other citations omitted).

Here, a ruling on the petitioner's motion will require an advance determination of whether his petition will be time-barred and whether equitable tolling is applicable. As noted, § 2254 does not authorize a prospective extension of the statute of limitations. There is no concrete dispute to be decided. Accordingly, the Court lacks subject matter jurisdiction to grant any relief.

### III.  RECOMMENDATION

This action should be **DISMISSED** for lack of jurisdiction, unless within the fourteen-day period for objecting to this recommendation, or some other deadline set by the Court, the petitioner submits a habeas petition on the appropriate form *and* either files a motion to proceed *in forma pauperis* or pays the $5 filing fee.[1] If the petitioner timely files a petition, the action should be allowed to proceed on the petition.

**The Clerk of the Court shall mail petitioner (1) a form application to proceed *in forma pauperis* and (2) a standard form for cases filed under 28 U.S.C. § 2254, with the case number included on the form.**

---

[1] Any petition will still be subject to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1).

3

**SIGNED on this 1st day of November, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4